**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

HBI Innovations LLP,

             Plaintiff,

v.

Smartli LLC,

             Defendant.

No. CV-25-02508-PHX-SMB

**ORDER**

The Court now considers Defendant Smartli LLC's Motion to Dismiss (Doc. 20). The Court **denies** the Motion for the following reasons.

## I.      BACKGROUND

This case arises out of a May 2022 sale of goods from Plaintiff HBI Innovations, LLP, formerly known as BBK Tobacco & Foods LLP d/b/a HBI International ("HBI") to Smartli. (Doc. 16 at 3 ¶ 11.)

Smartli became an HBI customer in 2021—placing over forty orders prior to May 2022. (*Id.* at 4 ¶¶ 20, 22.)  Each of these orders included "HBI's Standard Terms and Conditions of Sale" ("the T&Cs"). (*Id.*)  Smartli placed another such order on May 27, 2022. (*Id.* at 5 ¶ 24.)  HBI sent Smartli a quote, which Smartli approved, and HBI entered the order into its system and sent Smartli a draft invoice. (*Id.* ¶¶ 26–30.)  On June 1, 2022, HBI sent Smartli a final invoice which included the T&Cs. (*Id.* ¶ 33.)  HBI sent Smartli a final invoice because "HBI creates final invoices for transactions only after the products are pulled from inventory and are ready for shipment" "[t]o account for situations where

an ordered product might be out of stock." (*Id.* ¶ 32.) Smartli placed multiple orders after the May 2022 order. (*Id.* at 7 ¶ 42.) Each of these orders also included the T&Cs. (*Id.* ¶ 43.)

The T&Cs include the following provisions: (1) a forum selection clause stating that any dispute will be litigated in Arizona pursuant to Arizona law; (2) a waiver of certain express and implied warranties; and (3) a one-year statute of limitations on claims relating to the sale. (*Id.* at 6–7 ¶¶ 36, 38–40.)

On July 8 and 14, 2025, Smartli sent HBI demand letters seeking over $75,000 in payment based on: breach of warranty; fraudulent concealment; breach of UCC warranties; punitive exposure; and "escalating damages under GBL §§ 349/350." (*Id.* at 7–8 ¶¶ 45–47.) Smartli claimed it would sue HBI if it did not comply with their demand by July 18. (*Id.* at 8 ¶ 48.)

The Amended Complaint does little to describe the events giving rise to the July demand letters. The Amended Complaint merely notes that the demand letters relate to the May 2022 order and that Smartli contended "that it was forced to sell certain products at a deep discount and that it was completely unable to sell certain other products at all." (*Id.* at 7 ¶ 45, 8 ¶ 49.) It then notes, without much context, that "the court order in the Illinois Litigation was not entered until January 31, 2023—nearly seven months after Defendant's purchase from HBI." (*Id.* at 8 ¶ 50.) The Amended Complaint does not provide many substantive details about the Illinois Litigation; it only notes that it refers to a case named "*Republic Technologies (NA), LLC v. BBK Tobacco & Foods, LLP* (Case No. 1:2016cv03401)" in which the court "did not require HBI to recall any products previously sold, nor did it prevent any customers who had purchased products from HBI from reselling those products." (*Id.* at 1 ¶ 1, 8 ¶ 51.)

At bottom, HBI seeks declaration under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, that it is not liable for the claims Smartli threatened in its July demand letters. Namely, HBI seek a declaration that it is not liable for:

1. any alleged breach of any express or implied warranties under Uniform Commercial Code ("UCC") §2-313 or UCC §2-314, when HBI sold [HBI

Products] to Defendant under an invoice dated May 31, 2022;

2. any alleged fraudulent concealment and "punitive exposure" liability arising from selling the HBI Products to Defendant in light of the court order in the case of *Republic Technologies (NA), LLC v. BBK Tobacco & Foods, LLP* (Case No. 1:2016cv03401) (the "Illinois Litigation"); and/or

3. any liability for "escalating damages under GBL §§ 349/350" as a result of selling the HBI Products to Defendant in light of the Illinois Litigation.

(*Id.* at 1–2 ¶ 1.)  HBI primarily argues that such declaratory relief is appropriate because the T&Cs preclude Smartli from seeking such recovery.  (*See id.* at 8–10.)  However, HBI also contends that Smartli's claims would nonetheless fail regardless of the T&C.

Smartli moves to dismiss on three grounds.  First, Smartli contends that there is a lack of subject matter jurisdiction.  (Doc. 20-1 at 9.)  Second, Smartli argues that declaratory relief is inappropriate because HBI lacks a reasonable apprehension of imminent litigation.  (*Id.* at 10.)  Third, Smartli avers that the T&Cs are unenforceable and were not a part of the May 2022 order.  (*Id.* at 11.)

## II.    LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint that sets forth a

cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *Id.* at 908.

Additionally, under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction.  Subject matter jurisdiction exists where there is diversity jurisdiction, i.e., the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

### III.    DISCUSSION

The Court considers Smartli's arguments in turn.

### A.  Diversity Jurisdiction

Smartli first argues that the Amended Complaint should be dismissed for lack of subject matter jurisdiction.  (Doc. 20-1 at 9.)  The Court ignores Smartli's contentions relating to federal question jurisdiction because the Amended Complaint is expressly

predicated on diversity jurisdiction.  (*See* Doc. 16 at 3 ¶ 7.).  Such jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See* § 1332(a).  "Where diversity jurisdiction exists, the district court has discretion to hear a declaratory judgment action."  *E. & J. Gallo Winery v. Pernod Ricard USA, LLC*, No. 1:06-CV-00823 OWW-SMS, 2006 WL 2849830, at *5 (E.D. Cal. Oct. 5, 2006).

Smartli's sole challenge to diversity jurisdiction is that HBI "cannot satisfy the amount in controversy threshold necessary for diversity jurisdiction" because they only seek declaratory relief, not monetary relief.  (Doc. 20-1 at 9.)  This is incorrect.  The Supreme Court has expressly held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).  Smartli does not materially argue in its Motion that the object of this litigation is less than the $75,000 claimed in the Amended Complaint.[1]  HBI convincingly points out that the object of this litigation exceeds $75,000 because it seeks a declaration that would prevent payment of Smartli's demand for repayment which exceeded $75,000.  (Doc. 21 at 6; Doc. 16 at 8 ¶ 47.)

**B.  Reasonable Apprehension of Imminent Litigation**

Smartli next argues that "[t]he Amended Complaint should also be dismissed because the *pro se* Demand Letters are insufficient to establish that HBI has a reasonable apprehension of imminent litigation."  (Doc. 20-1 at 10.)  The DJA provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration" "[i]n a case of actual controversy within its jurisdiction."  28 U.S.C. § 2201(a).

---

[1]  In its Motion, Smart briefly suggests that "there is no basis for HBI to conclude that the amount in controversy satisfies the $75,000 threshold necessary to invoke diversity jurisdiction."  (Doc. 20-1 at 3.)  Smartli does not expound on this point.  Smartli argues for the first time in its Reply (Doc. 26) that "the Amended Complaint's allegations about the amount in controversy are dubious and improperly conflate settlement values offered by Defendant, because the claims HBI seeks to prevent through this action are only worth $38,738."  (Doc. 26 at 8.)  First, the Court does not consider arguments raised for the first time in a reply brief.  *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996).  Second, the amount in controversy is determined from the face of the Amended Complaint.  *Crum v. Circus Circus Enter.*, 231 F.3d 1129, 1131 (9th Cir. 2000).  Third, Smartli demanded $103,738 in compensation in its July 8 demand letter.  (Doc. 26-1 at 2.)

- 5 -

"The 'actual controversy' requirement is satisfied where the plaintiff alleges facts showing a substantial controversy between parties with adverse legal interests that is sufficiently immediate to warrant the issuance of declaratory relief." *CAMICO Mut. Ins. Co. v. McCoy Foat & Co., CPAs, P.C.*, No. 3:18-CV-00701-HZ, 2018 WL 4323893, at *2 (D. Or. Sep. 6, 2018).

The question here is whether Smartli's July 8 and 14 demand letters satisfy the actual controversy requirement. They do. "[T]he threat of suit is enough to create standing, such that the threatened party may seek a declaration that the threatening party's putative rights are invalid." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1056 (9th Cir. 2008). The demand letters expressly include a threat of suit. For example, the July 8 letter highlights each of HBI's purported legal violations and "demand[s] $103,738 within 10 days to resolve this matter amicably." (Doc. 26-1 at 3.) The letter notes that "[f]ailure to comply will force us to pursue all legal remedies, including litigation and potential collective action with other affected distributors." (*Id.*) The letter goes on: "Ignore this demand at your peril. We are prepared to litigate, and we will win." (*Id.*) The July 14 letter includes similar sentiments and notes that "mutually satisfactory release and indemnity, must be received no later than July 18. Absent agreement, we will commence an action in the Supreme Court of the State of New York, seeking full relief, including treble damages under GBL §§ 349-350, punitive damages, attorneys' fees, and coordinated or class relief." (*Id.* at 4.)

Smartli still contends that the demand letters do not satisfy the actual controversy requirement because the demand letters do not "establish a reasonable apprehension of *federal* litigation because Smartli's Demand Letters speak only to possible New York state-law claims." (Doc. 20-1 at 10 (emphasis in original).) Smartli does not cite a single case establishing that a claimant must be threatened with federal litigation to satisfy the actual controversy requirement. HBI notes this in their Response, (Doc. 21 at 9), and Smartli still fails to provide any authority standing for their proposition.

Smartli also contends that "even if the threat of state law claims satisfied the statute

(and it does not), the detailing of potential claims in the Demand Letters were neither actual nor imminent" and "it is not reasonable to conclude that HBI ever faced an imminent threat of litigation of any sort." (Doc. 20-1 at 11.) The Court disagrees. Again, Smartli threatened that "[a]bsent agreement, we will commence an action in the Supreme Court of the State of New York, seeking full relief" if HBI did not satisfy Smartli's demands by July 18. (Doc. 26-3 at 4.) This is a quintessential example of "an imminent threat of litigation."

### C. Terms and Conditions

Finally, Smartli argues that declaratory relief is not appropriate because the T&Cs were not a part of the May 2022 order. (Doc. 20-1 at 11.) In short, Smartli contends that that it received a copy of the T&Cs in connection with the May 2022 order *after* the parties had already consummated their binding contract. (*Id.*)

HBI contends that the Amended Complaint "sufficiently allege[s] that a contract was formed that included the [T&Cs], even if only the subject transaction . . . is considered." (Doc. 21 at 12.) Under Arizona law, additional terms included in a "written confirmation" do not become a part of a contract if "[t]hey materially alter it." A.R.S. § 47-2207; *see Greer v. T.F. Thompson & Sons, Inc.*, No. CV-10-0799-PHX-SMM, 2011 WL 175889, at *3 (D. Ariz. Jan. 19, 2011). The T&Cs include a number of terms that are typically deemed material alterations. *See, e.g.*, *Greer*, 2011 WL 175889, at *3 ("An example of the type of clause that would typically 'materially alter' a contract is a clause negating such standard warranties as that of merchantability or fitness for a particular purpose in circumstances in which either warranty normally attaches." (citation modified)); *K.D. Cap. Equip., LLC v. Burkhalter Rigging, Inc.*, No. CV 12-1468-PHX-SRB, 2012 WL 13026884, at *3 n.3 (D. Ariz. Nov. 19, 2012) ("A forum selection or choice of law clause materially alters a contract.").

However, what constitutes a material alteration is fundamentally predicated on whether the alteration "result[s] in surprise or hardship" to the parties. *See* U.C.C. § 2-207 cmt. 4; *Sw. Pet Prods., Inc. v. Koch Indust., Inc.*, 107 F. Supp. 2d 1108, 1111 (D. Ariz. 2000) ("A clause that materially alters a contract is one that results in unfair surprise or

- 7 -

hardship." (citing A.R.S. § 47-2207 cmt. 4)).  When evaluating whether additional terms would produce such results, it "is important to evaluate" the "prior course of dealing and the number of written confirmations exchanged between the parties."  *Avedon Eng'g, Inc. v. Seatex*, 112 F. Supp. 2d 1090, 1093 (D. Colo. 2000) (interpreting a statute identical to Arizona's).  The Court finds, construing the facts in HBI's favor, that such a course of dealing existed between Smartli and HBI.

"A 'course of dealing' is a sequence of conduct concerning previous transactions between the parties to a particular transaction that is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." A.R.S. § 47-1303(B).[2]  Such a relationship exists here.  HBI alleges that Smartli received the T&Cs associated with the May 2022 order in the same manner and timing as it had in over forty prior transactions with HBI.  (Doc. 21 at 12; Doc. 16 at 4 ¶ 22.)  There is no allegation that Smartli ever objected to the T&Cs.  The Court cannot say, as a matter of law, that the T&Cs were not a part of the May 2022 order.  Indeed, courts have found, at least in the forum-selection clause context, that such clauses become incorporated into an agreement "when there is a course of dealing between merchants where forum-selection provisions have been repeatedly sent to a party."  *Quality Wood Designs, Inc. v. Ex-Factory, Inc.*, 40 F. Supp. 3d 1137, 1149 (D.S.D. 2014) (collecting cases). Accordingly, issues of fact remain as to whether the T&Cs were a part of the May 2022 order.  Even still, the Court notes that HBI's requests for relief are not solely predicated on the T&Cs.  (*See* Doc. 16 at 9–10.)

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED denying** Defendant Smartli LLC's Motion to Dismiss (Doc. 20).

Dated this 6th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge

---

[2]  This mirrors the UCC's definition of "course of dealing."  *See* U.C.C. § 1-303(b).

- 8 -